JUDGMENT ENTRY.
In the appeal numbered C-030710, defendant-appellant David Etris appeals the trial court's judgment convicting him of driving with a prohibited breath-alcohol content following the entry of a no-contest plea.[1] In a single assignment of error, he contends that the trial court erred in denying his motion to suppress the results of his field sobriety and breath-alcohol tests. For the following reasons, we affirm.
At his suppression hearing, Etris maintained that the officers did not have probable cause to arrest him for any charge, including driving under the influence, and thus, that the field sobriety and breath-alcohol tests, which were administered after his arrest, should have been suppressed as the fruit of an unconstitutional seizure. But the trial court found that there was probable cause to arrest Etris for driving under the influence, when "dispatches that a person matching [Etris's] description, vehicle description, and license plate number was driving recklessly; a police observation of weaving within a lane; a police observation of crossing over the roadway's edge line; a failure to respond to the police officer's signals; a strong odor of an alcoholic beverage about his person; and his belligerent and combative conduct."
This court has held that the "test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that the defendant is committing or has committed an offense. Review of the trial court's findings of fact and conclusions of law entails a two-step inquiry. First, this court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. Next, accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusions, whether they meet the applicable legal standard. In this case, the de novo determination is whether [the] historical facts, viewed from the standpoint of an objectively reasonable police officer, amount[ed] to probable cause."[2]
Based on our review of the record, we hold that there was competent, credible evidence supporting the trial court's findings and conclusions. Accordingly, we hold that there was probable cause to arrest Etris for driving under the influence after the initial traffic stop. Here, Etris, his vehicle and its license plate number matched the descriptions given in police dispatches that informed officers to be on the lookout for a reckless driver. The two police officers who eventually stopped Etris testified that they had observed Etris driving erratically, and that when they had illuminated their emergency lights, Etris had refused to stop his vehicle. After Etris arrived at his home, he tried to escape from the officers by entering his house. The officers testified that Etris was staggering and swaying as he returned to his car to get his driver's license, and that there was a strong odor of an alcoholic beverage emanating from Etris. Etris fumbled when he retrieved his wallet from his vehicle, and while he was doing this, the officers observed beer cans in Etris's vehicle. Finally, Etris became belligerent and combative with the officers, cursing at them. Considering the totality of the facts here, we hold that there was probable cause to arrest Etris for driving under the influence of alcohol at this point.
Etris argues that Officer Arlinghaus testified that he had initially arrested Etris for obstructing official business and disorderly conduct, pending the determination of a "DUI." Although, in our view, it is immaterial whether Officer Arlinghaus initially arrested Etris for other offenses when there was probable cause to arrest for driving under the influence, we note that Officer Arlinghaus also had probable cause to arrest Etris for obstructing official business based on the trial court's findings. Etris matched the description of the person in the police dispatches, and when the officers tried to stop him, he refused and attempted to escape from them by running into his home. Etris's flight from lawful detention gave rise to probable cause to arrest him for obstructing official business.
Because the officers had probable cause to arrest Etris after the initial traffic stop, the trial court properly determined that the results of his field sobriety and breath-alcohol tests should not be suppressed. The single assignment of error is overruled.
Accordingly, the judgment of the trial court in the appeal numbered C-030710 is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and PAINTER, JJ.
[1] In exchange for the no-contest plea to a violation of R.C.4511.19(A)(1), the state dismissed the remaining two charges against Etris. Despite this dismissal, Etris had filed a notice of appeal for each of those charges. Because Etris was not convicted of those charges, we sua sponte dismiss the two appeals numbered C-030709 and C-030711.
[2] Cincinnati v. Wolfe, 1st Dist. Nos. C-010303 and C-010304, 2001-Ohio-3916.